## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

ROBYNE ALEXANDER,

     **Plaintiff,**

v.

TRUEACCORD CORP., a Delaware
Corporation; ONE TRUE HOLDING
COMPANY a Delaware Corporation;
ACCEPTANCE RENTALS INC., a
Georgia Corporation, BRETT
LEHMBERG, an individual; and
MARK LEHMBERG, an individual,

     **Defendants.**

**CIVIL ACTION
FILE NO.1:18-cv-01329-LMM-JCF**

## ANSWER OF BRETT LEHMBERG, MARK LEHMBERG AND ACCEPTANCE RENTALS, INC. TO PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COME Brett Lehmberg, Mark Lehmberg and Acceptance Rentals, Inc. ("Acceptance Rentals"), Defendants in the above-styled proceeding (collectively, the "Defendants"), and files this, their Answer to the Plaintiff's "Amended Complaint for Violations of the Fair Debt Collections Act" (the "Complaint") (Doc. No. 11), and respectfully shows the Court as follows:

### FIRST DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

1

## SECOND DEFENSE

Defendants assert the defense of lack of jurisdiction.

## THIRD DEFENSE

Defendants assert the defense of lack of venue.

## FOURTH DEFENSE

Plaintiff has failed to mitigate its damages.

## FIFTH DEFENSE

Defendants assert the defense of unclean hands.

## SIXTH DEFENSE

Plaintiff has failed to properly plead some or all of its counts as set forth in the Complaint.

## SEVENTH DEFENSE

Defendants assert the defense of recoupment and setoff.

## EIGHTH DEFENSE

Defendants deny all allegations set forth in Plaintiff's Complaint which are not specifically admitted in this Answer.

## NINTH DEFENSE

Defendant Brett Lehmberg asserts the defense of lack or service and insufficiency of service.

## TENTH DEFENSE

Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

## THE PARTIES

### 1.

Defendants deny the allegations in paragraph 1 of the Complaint, except admits that the Complaint purports to allege a claims against Defendants True Accord Corp, One True Holding Company, Acceptance Rentals, Brett Lehmberg, and Mark Lehmberg.

### 2.

Paragraph 2 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

### 3.

Defendants deny the allegations contained in Paragraph 3 of the Complaint.

**Jurisdiction and Venue**

4.

Paragraph 4 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.

Paragraph 5 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.

Paragraph 6 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants admit that Acceptance Rentals, Inc. is domiciled in Georgia but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

7.

Paragraph 7 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants admit that Acceptance Rentals, Inc. is domiciled in Georgia but otherwise denies knowledge or information sufficient to form a belief as to the

truth of the allegations.

## PARTIES

8.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

11.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.

Paragraph 21 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants admit that Acceptance Rentals, Inc.  does business in Georgia but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

22.

Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants admit that Defendant Brett Lehmberg is a resident of Beaufort County, South Carolina. The remaining allegations contained in Paragraph 23 of the Complaint contain allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants admit that Defendant Mark Lehmberg is a resident of Barrow County, Georgia. Defendants deny that Defendant Mark Lehmberg is a resident of the State of Mississippi or the State of Texas. The remaining allegations contained in Paragraph 24 of the Complaint contain allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

## THE RELATIONSHIP BETWEEN TRUEACCORD CORP AND ONE TRUE HOLDING COMPANY

25.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint.

27.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

**STANDING**

33.

Defendants state that no response to paragraph 33 of the Complaint is required because Paragraph 33 is not alleged against Defendants.  To the extent a

response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.

Defendants state that no response to paragraph 34 of the Complaint is required because Paragraph 34 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.

Defendants state that no response to paragraph 35 of the Complaint is required because Paragraph 35 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.

Defendants state that no response to paragraph 36 of the Complaint is required because Paragraph 36 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.

Defendants state that no response to paragraph 37 of the Complaint is required because Paragraph 33 is not alleged against Defendants.  To the extent a

response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.

Defendants state that no response to paragraph 38 of the Complaint is required because Paragraph 38 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.

Paragraph 39 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.

Paragraph 40 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.

Paragraph 41 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.

Paragraph 42 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 42 of the Complaint.

## FACTUAL BACKGROUND

43.

Paragraph 43 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.

Paragraph 44 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.

Paragraph 45 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Paragraph 46 of the Complaint contains allegations of law, not fact, to which no response is required.    To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.

Paragraph 47 of the Complaint contains allegations of law, not fact, to which no response is required.    To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.

Defendants show that the emails referenced in Paragraph 48 of the Complaint speaks for itself; otherwise the allegations are denied.

49.

Defendants admit the allegations set forth in Paragraph 49 of the Complaint.

50.

Defendants admit the allegations set forth in Paragraph 50 of the Complaint.

51.

Defendants admit the allegations set forth in Paragraph 51 of the Complaint.

52.

Defendants admit the allegations set forth in Paragraph 52 of the Complaint.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Complaint.

55.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint.

56.

Defendants admit the allegations set forth in Paragraph 56 of the Complaint.

57.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Complaint.

58.

Paragraph 58 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Complaint.

60.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of the Complaint.

61.

Paragraph 61 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.

Paragraph 62 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Complaint.

65.

Paragraph 65 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the Complaint.

67.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of the Complaint.

68.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of the Complaint.

**EMOTIONAL DISTRESS CAUSED BY DEFENDANT'S ACTIONS**

69.

Defendants admit Acceptance Rentals, Inc. sought an arrest warrant but deny the remaining allegations containing in Paragraph 69 of the Complaint.

70.

Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.

Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.

Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

Paragraph 75 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendant denies the allegations contained in Paragraph 75 of the Complaint.

**THE RELATIONSHIP BETWEEN BRETT LEHMBERG, MARK LEHMBERG, AND ACCEPTANCE RENTALS, INC.**

76.

Defendants admit the allegations contained in Paragraph 76 of the Complaint.

17

77.

Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78.

Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.

Defendants admit the allegations contained in Paragraph 79 of the Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of the Complaint as to Mark Lehmberg but admit the remaining allegations.

81.

Defendants deny the allegations contained in Paragraph 81 of the Complaint as to Mark Lehmberg but admit the remaining allegations.

82.

Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.

Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.

Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.

Paragraph 90 of the Complaint contains allegations of law, not fact, to which no response is required.   To the extent the allegations require a response, Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.

Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.

Defendants deny the allegations contained in Paragraph 92 of the Complaint.

## FIRST CAUSE OF ACTION

## (Violations of the FDCPA by Defendant TrueAccord Corp. and

## Defendant One True Holding Company)

### 93.

Defendant incorporates by reference the responses above to Paragraphs 1 through 92 of the Complaint, as though fully set forth herein.

### 94.

Defendants state that no response to paragraph 94 of the Complaint is required because the First Cause of Action is not alleged against Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

## COUNT 1
Defendant's FDCPA Violations by Using Unfair or Unconscionable Means to Attempt to Collect a Debt

### 95.

Paragraph 95 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendant denies the allegations contained in Paragraph 95 of the Complaint.

20

96.

Defendants state that no response to paragraph 96 of the Complaint is required because Count I is not alleged against Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

97.

Defendants state that no response to paragraph 97 of the Complaint is required because Count I is not alleged against Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.

Defendants state that no response to paragraph 98 of the Complaint is required because Count I is not alleged against Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.

Defendants state that no response to paragraph 99 of the Complaint is required because Count I is not alleged against Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

100.

Paragraph 100 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.

Defendants state that no response to paragraph 101 of the Complaint is required because Count I is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.

Defendant states that no response to paragraph 102 of the Complaint is required because Count I is not alleged against Defendants. Moreover, Paragraph 104 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.

Defendants state that no response to paragraph 103 of the Complaint is required because Count I is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.

Defendants state that no response to paragraph 104 of the Complaint is required because Count I is not alleged against Defendants. Moreover, Paragraph 104 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 104 of the Complaint.

<u>COUNT 2</u>
Defendant TrueAccord and Defendant One True Holding's FDCPA Violations in Sending False, Misleading, and Deceptive Collection Emails to Plaintiff

105.

Paragraph 105 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.

Defendants state that no response to paragraph 106 of the Complaint is required because Count 2 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107.

Defendants state that no response to paragraph 107 of the Complaint is

required because Count 2 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.

Defendants states that no response to paragraph 108 of the Complaint is required because Count 2 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.

Defendants states that no response to paragraph 109 of the Complaint is required because Count 2 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.

Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.

Paragraph 111 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 112 of the Complaint.

113.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 113 of the Complaint.

114.

Paragraph 114 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 115 of the Complaint.

116.

Paragraph 116 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 116 of the Complaint.

<u>COUNT 3</u>
Defendant TrueAccord and Defendant One True Holding's FDCPA Violations for
Failing to Send Plaintiff a Written Notice Containing the Disclosures Required by
15 U.S.C. § 1692g

117.

Defendant states that no response to paragraph 117 of the Complaint is required because Count 3 is not alleged against Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.

Defendants state that no response to paragraph 118 of the Complaint is required because Count 3 is not alleged against Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint.

119.

Paragraph 119 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.

Paragraph 120 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.

Defendant states that no response to paragraph 121 of the Complaint is required because Count 3 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

122.

Defendant states that no response to paragraph 122 of the Complaint is required because Count 3 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123.

Paragraph 104 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.

Paragraph 124 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.

Defendant states that no response to paragraph 125 of the Complaint is required because Count 3 is not alleged against Defendants.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint.

126.

Paragraph 126 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 126 of the Complaint.

## SECOND CAUSE OF ACTION
### (Violations of Georgia's Fair Business Practices Act by all Defendants)

### <u>COUNT 4</u>
Violations of Georgia's FBPA – Legal Remedy and Damages

127.

Paragraph 127 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.

Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.

Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.

Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.

Paragraph 131 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.

Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.

Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.

Defendants deny the allegations contained in Paragraph 134 of the Complaint as to Mark Lehmberg but admit the remaining allegations.

135.

Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.

Paragraph 136 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.

Paragraph 137 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.

Paragraph 138 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 138 of the Complaint

## COUNT 5

*Violations of Georgia's FBPA – Equitable Remedy and Injunction*

139.

Paragraph 139 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.

Paragraph 140 of the Complaint contains allegations of law, not fact, to which no response is required.  To the extent the allegations require a response, Defendants deny the allegations contained in Paragraph 140 of the Complaint.

## **JURY DEMAND**

141.

Defendants admit that Plaintiff demands a trial by jury for all issues so triable, but deny that Plaintiff is entitled to any relief as pled by Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment:

1.      Dismissing the Complaint in its entirety, with prejudice;

2.      Awarding Defendants their costs, disbursements and attorneys' fees; and

3.      Awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of May, 2018.

**JONES & WALDEN, LLC**

/s/ *Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
21 Eighth Street, NE
Atlanta, Geogia 30309
(404) 564-9300
cmccord@joneswalden.com
Attorney for Defendants Brett
Lehmberg and Mark Lehmberg

## CERTIFICATE OF COMPLIANCE

I hereby certify in accordance with LR 7.1D and 5.1B that, according to the word-processing program utilized by our firm, the font used in the foregoing pleading is size 14-point Times new Roman.

This 16th day of May, 2018.

**JONES & WALDEN, LLC**

/s/ *Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
cmccord@joneswalden.com
Attorney for Defendants Brett
Lehmberg, Mark Lehmberg and
Acceptance Rentals

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

ROBYNE ALEXANDER,

     **Plaintiff,**

**v.**

**TRUEACCORD CORP., a Delaware
Corporation; ONE TRUE HOLDING
COMPANY a Delaware Corporation;
ACCEPTANCE RENTALS INC., a
Georgia Corporation, BRETT
LEHMBERG, an individual; and
MARK LEHMBERG, an individual,**

     **Defendants.**

**CIVIL ACTION
FILE NO.1:18-cv-01329-LMM-JCF**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing *Answer of Brett Lehmberg,
Mark Lehmberg, and Acceptance Rentals to Plaintiff's Amended Complaint for
Violations of the Fair Debt Collection Practices Act* by United States Mail, with
appropriate postage affixed thereto to ensure delivery, as follows:

    John William Nelson
    The Nelson Law Chambers LLC
    2180 Satellite Blvd, Suite 400
    Duluth, GA 30097

This 16th day of May, 2018.

**JONES & WALDEN, LLC**

/s/ *Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
cmccord@joneswalden.com
Attorney for Defendants Brett
Lehmberg, Mark Lehmberg and
Acceptance Rentals